LAW OFFICES

# Lynn, Jackson, Shultz & Lebrun, P.C.

LAWYERS ALSO ADMITTED IN MINNESOTA, IOWA, NORTH DAKOTA AND WYOMING

909 ST. JOSEPH STREET
SUITE 800
P.O. BOX 8250
RAPID CITY, SD 57709-8250
605-342-2592
FAX 605-342-5185

www.lynnjackson.com
*Member of Lex Mundi*

*A Global Association of 125 Independent Law Firms*

**REPLY TO: Rapid City 605-342-2592**

*From the offices of Thomas G. Fritz*
*e-mail address:  tfritz@lynnjackson.com*
*Sender's Direct Line -- 605-791-6497*

September 19, 2017

110 N. MINNESOTA AVENUE
SUITE 400
P.O. BOX 2700
SIOUX FALLS, SD 57101-2700
605-332-5999
FAX 605-332-4249

135 E. COLORADO BOULEVARD
SPEARFISH, SD 57783-2755
605-722-9000
FAX 605-722-9001

**VIA E-MAIL (jlafleur@azlaw.pro)**
Mr. Jon J. LaFleur
Abourezk, Zephier & LaFleur, P.C.
2020 W. Omaha Street
PO Box 9460
Rapid City, SD 57709-9460

Re:   Employers Mutual Casualty Company (Hobbs v.)
      Court File No. 17-5040
      Our File No. 080153-00007

Dear Jon:

As the time approaches for the purposes of the exchange of documents and confidential information, I propose and send to your attention an Unopposed Motion for a Protective Order, as well as a proposed Protective Order.  This must be in place prior to the exchange of the information.  I suggest to you and propose to you this Motion and Order since it was used in previous bad faith litigation in the United States District Court, District of South Dakota, Western Division, and signed by Judge Viken.

Please review the same and let me hear from you.  If you agree to the documents, we will send them to Judge Viken for his signature.  Thank you, Jon.

Sincerely yours,

LYNN, JACKSON, SHULTZ & LEBRUN, P.C.

Thomas G. Fritz

TGF:fjs
Enclosures

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| JIMMY HOBBS, | ) | Civil No. 17-5040 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **UNOPPOSED MOTION FOR** |
| | ) | **PROTECTIVE ORDER** |
| EMPLOYERS MUTUAL CASUALTY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

In order to protect confidential and proprietary documents that may be produced by the parties during the course of this litigation, the parties hereby stipulate as follows:

1.     Either party may designate as confidential any documents that that party hereafter produces in discovery in this action that that party reasonably believes constitutes confidential information or proprietary information.  Such documents so designated are referred to as "Confidential Information" in this stipulated motion.

2.     The documents that a party wishes to designate as confidential shall be designated by imprinting in a manner that does not impair legibility the word " "confidential" on the first page or cover page of a document being produced.

3.     Confidential Information shall not be given, shown, made available or communicated in any way by the party to whom it is produced in discovery to anyone

other than:

    a.  The parties, counsel of record for the parties, and attorneys, clerks, legal assistants and support staff in their firms;

    b.  Officers, managerial or executive employees of any party, and other employees of any party who monitor litigation or make settlement decisions;

    c.  The Court and its staff;

    d.  Consultants and experts retained to assist in preparation for trial or settlement and the office staffs of such consultants and experts;

    e.  Court reporters and witnesses in the course of and to the extent necessary to conduct depositions, but witnesses who are not within the scope of any other provision of this Section 3 may not be permitted to retain copies of Confidential Information shown to them in the deposition; and

    f.  Such other persons as may be necessary to conduct the trial of this action, as ordered by the Court or agreed by the parties.

4.    The parties and other people to whom Section 3 permits disclosure of Confidential Information shall not use or communicate it for any purpose other than the trial, preparation for trial, and settlement of this action.

5.    There shall be no reproduction of Confidential Information except that,

as required in the course of litigation, copies, excerpts or summaries may be shown or given to those persons authorized by Section 3 to receive the Confidential Information.

6.      Confidential Information required to be filed with the Court shall be filed in a sealed envelope that bears the caption of this action and a legend declaring that its contents are subject to a confidentiality order, and shall be available for inspection only by the Court and by those persons authorized by this Stipulation and Order to receive Confidential Information.

7.      Within thirty (30) days after the final resolution of this action, including all appeals, the parties shall return to the producing party all Confidential Information and all copies of Confidential Information that they possess or that they have provided to people authorized by Section 3 above.

Dated this _____ day of September, 2017.

Abourezk, Zephier & LaFleur, P.C.


By: _____
      Jon J. LaFleur
      Attorneys for Plaintiff
      2020 W. Omaha Street
      PO Box 9460
      Rapid City, SD  57709-9460
      605-342-0097
      jlafleur@azlaw.pro

3

Dated this _____ day of September, 2017.

LYNN, JACKSON, SHULTZ & LEBRUN, P.C.


By: _____
    Thomas G. Fritz
    Barbara Anderson Lewis
    Attorneys for Defendant
    909 St. Joseph Street, Suite 800
    Rapid City, SD  57701-3301
    605-342-2592
    tfritz@lynnjackson.com
    blewis@lynnjackson.com

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| JIMMY HOBBS, | ) | Civil No. 17-5040 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PROTECTIVE ORDER** |
| | ) | |
| EMPLOYERS MUTUAL CASUALTY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

The parties jointly move the court to adopt their proposed protective order.

(Docket _____). Pursuant to Fed. R. Civ. P. 26(c) and good cause appearing, it is

ORDERED that the motion (Docket __) is granted. The court adopts and incorporates the

parties' protective order which follows this order.

IT IS FURTHER ORDERED that a party may mark a document produced in

discovery "confidential" if it believes the document qualifies for protected status.

Information qualifying for protected status shall be limited to private, non-public

information (including non-public financial and business records, personnel data and

files, and information obtained from third parties pursuant to a nondisclosure agreement),

trade secrets or other research, development or commercial information, and is generally

treated as confidential or proprietary by the designating party.

IT IS FURTHER ORDERED that upon receiving written notice that the producing

party provided a document that should have been, but was not, marked "confidential," the

receiving party shall treat the document as though it had been properly designated pending receipt of a correctly marked copy.

IT IS FURTHER ORDERED that all documents marked "confidential" shall be subject to the following:

1.      By marking a document "confidential," the party acknowledges the document is a true, correct, and authentic copy of the document requested. A party may assert any other objections to use of the document, including relevance.

2.      After receiving production of any document, a party may challenge, either immediately or in the future, whether any particular document is entitled to protected status, and shall have the right to present the document to the court under seal to determine whether the document is entitled to protected status, or whether the protective order should be amended or changed. The party asserting protected status of a document retains the burden of proving that the document in question is actually entitled to protection.

3.      The parties may use the documents only in this case, and may disclose the documents to witnesses, consultants and experts and counsel's staff. Each such person shall be informed of this protective order and agree, either orally or in writing, to be bound by it.

4.      Within fourteen days after receiving a deposition transcript containing "confidential" information, a party may designate pages of the transcript

and exhibits "confidential." Arrangements shall be made with the court reporter and videographer transcribing or recording the testimony to separately bind and record the designated "confidential" portions, and to mark the cover page and each page of the transcript and any video recording as "Confidential- subject to Protective Order." Any extra charges by the court reporter and videographer shall be borne by the party asserting confidential status. Until expiration of the fourteen-day period, the entire deposition, exhibits and video recordings shall be treated as subject to protection under this order.

5.     All originals and copies shall be destroyed or returned to the producing party within sixty days of the conclusion of the case, including any appeals.

IT IS FURTHER ORDERED that this protective order shall be subject to the following:

1.  Counsel cannot file sealed documents in CM/ECF. If it is necessary to attach a protected document to a pleading, counsel shall file an attachment to the pleading with a notation that the protected document is being delivered to the Clerk of Court to be filed under seal pursuant to the terms of this order. Counsel must manually serve the protected document on opposing counsel.

2.  When the protected document is received by the Clerk of Court, it will be scanned and added to CM/ECF as a sealed attachment. The original will be destroyed after scanning unless counsel delivers the protected document to the Clerk of Court with

3

a written request to return the document to counsel.

IT IS FURTHER ORDERED that this protective order shall constitute a qualified

protective order under 45 C.F.R. § 164.512(e).

Dated this _____ day of _____ 2017.

BY THE COURT:

_____
JEFFREY L. VIKEN
CHIEF JUDGE

4