# ABOUREZK LAW FIRM

Charles Abourezk
*Robin L. Zephier
Jon J. LaFleur

*Also licensed in Colorado

P.O. BOX 9460
RAPID CITY, SD 57709-9460
(2020 W. Omaha Street)
TEL: (605) 342-0097
FAX: (605) 342-5170

Mike Abourezk
**Alicia D. Garcia
‡Daniel E. Holloway

**Also licensed in California
‡Also licensed in New York

September 22, 2017

Thomas G. Fritz
Lynn, Jackson, Shultz, & Lebrun, P.C.
909 St. Joseph Street, Suite 800
Rapid City, SD 57701

    Re:    **Jimmy Hobbs v. Employers Mutual Casualty Company**
             **Civ No.: 17-5040**

Dear Tom:

    I am in receipt of your letter dated September 19, 2017 in which you enclosed a proposed unopposed Motion for a Protective Order and a Proposed Protective Order. I agree to the entry of a Protective Order but I have made some minor changes to which I'm sure you are agreeable. The changes also were used in previous bad faith litigation in the United States District Court, District of South Dakota, Western Division, signed by Judge Viken. I've signed the Stipulation, if my changes meet with your approval please sign the same and forward on to the Court for it's review and signature.

    Should you have any questions or concerns, please feel free to contact me. Thank you.

                                          Sincerely,

                                          Jon J. LaFleur

JJL/bjj
Enclosures
cc: Jimmy Hobbs

**EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JIMMY HOBBS,<br><br>Plaintiff,<br><br>vs.<br><br>EMPLOYERS MUTUAL CASUALTY COMPANY,<br><br>Defendant. | CIV. 17-5040-JLV<br><br><br>**STIPULATION FOR PROTECTIVE ORDER** |

The purpose of this agreement is to facilitate discovery, reduce needless use of the resources of the court and counsel in this action and, at the same time, protect the Defendants from competitive disadvantage. The parties agree that documents produced in this action shall be subject to the following stipulation:

1. Such documents shall not be disseminated or disclosed to any competitor of the Defendants, nor to any media entity, nor filed in open court without seal except at trial, nor disclosed to any member of the public, except as herein provided.

2. The documents may be disclosed to Plaintiff, Plaintiff's counsel and staff, and consultants or experts retained by Plaintiff. Each such person shall be informed of this agreement and agree to be bound by it.

3. When Plaintiff requests documents from the business records of Defendants, and documents are produced subject to this agreement, Defendants waive any objection that the documents produced are true and correct copies of Defendants business records, or that they are authentic. Defendants may assert any other objections, including relevancy.

4. By entering into this agreement, the parties do not stipulate that any document is actually entitled to protected status. This agreement is entered by the parties to facilitate discovery and production of documents without first requiring a determination of whether each

document actually qualifies for protected status. After receiving production of any document, Plaintiff or Plaintiff's counsel may challenge, either immediately or at any time in the future, whether any particular document is entitled to protected status, and shall have the right to present the documents to the Court under seal in this action or in future actions involving any of the same Defendants, to determine whether any such document is entitled to protected status, and/or whether the protective order agreed to here should be amended or changed in any manner. In any such instance the producing party shall retain the burden of proving entitlement to protected status under the same standards of law as would be applicable if the parties were to present that question to the Court at this time.

5. Plaintiff will not disclose personal identifying information relating to the personal health or medical condition of any third party, gained through Plaintiff's discovery of policyholder records in this litigation, without written consent of the third party.

6. Plaintiff will not disclose personal identifying information about the financial affairs of any third party, gained through Plaintiff's discovery of policyholder records, in this litigation, without written consent of the third party.

7. Plaintiff will also abide by the Local Rule 7, prohibiting filing of documents in the public record that includes birth dates, home addresses, social security numbers, or financial account numbers of any individual.

8. At the close of this litigation Plaintiff agrees to return or destroy those documents which contain "individually identifiable health information," of third persons, as described by 45 C.F.R. § 160.103 and 45 C.F.R. § 164.514(a), unless the third person consents to retention of the information.

9. This confidentiality provided by this agreement does not extend to documents that are already part of the public record or are available to Plaintiff through means other than production in this action.

The parties may submit this stipulation to the Court for entry of an order consistent with the terms herein, but the agreement herein shall be effective upon execution of this agreement.

Dated this 22nd day of September, 2017.

ABOUREZK, ZEPHIER & LAFLEUR, P.C.

BY _____
Jon J. LaFleur
2020 W. Omaha Street
P.O. Box 9460
Rapid City, SD 57709
jlafleur@azlaw.pro
605-342-0097
*Attorneys for the Plaintiff*

LYNN, JACKSON SHULTZ & LEBRUN, P.C.

BY _____
Thomas G. Fritz
909 St. Joseph Street, Suite 800
Rapid City, SD 57701
tfritz@lynnjackson.com
605-342-2592
*Attorneys for the Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JIMMY HOBBS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>EMPLOYERS MUTUAL CASUALTY COMPANY,<br><br>　　　　Defendant. | CIV. 17-5040-JLV<br><br><br>**PROTECTIVE ORDER** |

　　　The parties jointly move the court to adopt their stipulation for a protective order. (Docket 18). Pursuant to Fed. R. Civ. P. 26(c) and good cause appearing, it is

　　　ORDERED that the stipulation (Docket 18) is approved. The court adopts and incorporates the parties' stipulation for a protective order which follows this order.

　　　IT IS FURTHER ORDERED that the following provisions shall apply:

　　　　　(1) Counsel cannot file sealed documents in CM/ECF. If it is necessary to attach a protected document to a pleading, counsel shall file an attachment to the pleading with a notation that the protected document is being delivered to the Clerk of Court to be filed under seal pursuant to the terms of this order. Counsel must manually serve the protected document on opposing counsel.

　　　　　(2) When the protected document is received by the Clerk of Court, it will be scanned and added to CM/ECF as a sealed attachment. The original will be destroyed after scanning unless counsel delivers the protected document to the Clerk of Court with a written request to return the document to counsel.

　　　IT IS FURTHER ORDERED that, to the extent the above provisions conflict with the stipulation regarding protective order and production of documents, the

above provisions govern.

Dated September \_\_\_\_\_, 2017.

BY THE COURT:

_____
JEFFREY L. VIKEN
CHIEF JUDGE