UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JIMMY HOBBS,<br><br>    Plaintiff,<br><br> vs.<br><br>EMPLOYERS MUTUAL CASUALTY COMPANY,<br><br>    Defendant. | 5:17-CV-05040-JLV<br><br>ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER (DOC. 17) |

Pending is Defendant Employers Mutual Casualty Company's Motion for Protective Order (Doc. 17). United States District Court Judge Jeffrey L. Viken, Chief Judge, referred Defendant's Motion to this magistrate judge for determination. (Doc. 22).

## **BACKGROUND**

This case is a diversity action alleging bad faith insurance practices on the part of Defendant Employers Mutual Casualty Company. The action stems from Defendant's alleged bad-faith denial of Plaintiff Jimmy Hobbs' worker's compensation claim.

Plaintiff seeks production of documents regarding, among other things, Defendant's personnel files and compensation information, well as documents related to the worker's compensation claim. Defendant requests that Plaintiff agree to a Stipulated Protective Order under Federal Rule of Civil Procedure 26(c). In its proposed order, Defendant requests that information "qualifying

for protected status shall be limited to private, non-public information (including non-public financial and business records, personnel data and files, and information obtained from third parties pursuant to a nondisclosure agreement), trade secrets or other research, development or commercial information, and is generally treated as confidential or proprietary by the designating party." (Doc. 20-2).

Plaintiff agrees that a protective order should issue, but Plaintiff and Defendant dispute the terms of the proposed order. Defendant's proposed order allows the party producing sensitive documents to designate them as confidential. (Doc. 20-2). Plaintiff opposes this provision and requests that the Court approve whether an item should be protected. (Doc. 20-3).

## **DISCUSSION**

Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders, and requires that "good cause" be shown for a protective order to issue. "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements[.]'" Gen Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973) (quoting Wright & Miller, Fed. Practice & Procedure: Civil § 2035 at 264–65).

> In considering whether good cause exists for a protective order, the federal courts have generally adopted a balancing process. . . . [T]he court . . . must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled. When the risk of harm to the owner of [a] trade secret or confidential information outweighs the need for discovery, disclosure [through discovery] cannot be compelled, but this is an infrequent result.

> Once the court determines that the discovery policies require that the materials be disclosed, the issue becomes whether they should be disclosed only in a designated way, as authorized by the last clause of Rule 26(c)(7). . . . Whether this disclosure will be limited depends on a judicial balancing of the harm to the party seeking protection (or third persons) and the importance of disclosure to the public. Courts also have a great deal of flexibility in crafting the contents of protective orders to minimize the negative consequences of disclosure and serve the public interest simultaneously.

Burke v. Ability Ins. Co., No. 12-CV-4051-KES, 2013 WL 842512, at *2 (D.S.D. Mar. 6, 2013) (quoting Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994)).

The trial court has significant discretion in either granting or denying a protective order, and "only an abuse of discretion would be cause for reversal." Gen. Dynamics Corp., 481 F.2d at 1212. Similarly, Rule 26(c) confers "broad discretion on the [district] court to decide . . . what degree of protection is required." Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999) (internal quotations omitted). Courts routinely grant protective orders that limit access to sensitive or proprietary information. Burke, 2013 WL 842512 at *3 (internal citation omitted).

The issue before this court was previously addressed by the District Court of South Dakota in Pochat v. State Farm, No. 08-CV-5015-JLV, Doc. 44 (D.S.D. Dec. 11, 2008) and in Burke. In both Pochat and Burke, plaintiffs submitted claims for bad faith insurance practices. Plaintiffs in both cases sought discovery of information concerning the insurance companies' claims handling polices, practices, and procedures, including personnel files, compensation information, and other sensitive information. The insurance

companies requested protective orders. The district court found that plaintiffs' requests were reasonable and relevant to the bad faith claims. However, the district court also found that the requested information in both cases implicated the insurance companies' confidential and proprietary business practices, and the companies established the requested information constituted a trade secret. See Burke, 2013 WL 842512 at *5 (citing Pochat, No. 08-CV-5015-JLV, Doc. 44).

In this case, Defendant does not object to the disclosure of the requested information subject to a protective order at this time. Therefore, the court will assume without deciding that the information is relevant and necessary to litigate Plaintiff's claims. See Burke, 2013 WL 842512 at *5. The court finds that, like Pochat and Burke, a limited protective order is appropriate because it will satisfactorily protect both parties' interests: Plaintiff will have access to the requested information, and competitors will be unable to exploit Defendant's internal policies. See Burke, 2013 WL 842512 at *5. The potential harm to Defendant that would result from unrestricted disclosure outweighs the public's interest in disclosure. Id. at *6 (citing Pansy, 23 F.3d at 787). Therefore, the court finds that Defendant has met its burden to show good cause for a protective order.

Like in both Burke and Pochat, however, the court declines to adopt the protective order proposed by Defendant because it allows the producing party to designate any document as confidential "if it believes the document qualifies for protected status." (Doc. 20-2). "The court is concerned that this broad

language will serve to give each party 'carte blanche to decide what portions of the record shall be kept secret.'" Burke, 2013 WL 842512 at *7 (citing Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999)); Pochat, No. 08-CV-5015-JLV, Doc. 44 at 21.  While the court finds that Defendant has established good cause for a limited protective order to secure its trade secrets and other confidential information, the order shall not allow the parties to designate at will whether an item shall be labeled as confidential.

## CONCLUSION

Good cause appearing, it is hereby

ORDERED that Defendant's Motion for Protective Order (Doc. 17) is granted in part and denied in part consistent with the above opinion.  The parties shall confer on the provisions of a protective order and, if an agreement is reached, shall file a stipulated protective order by January 31, 2018.  If the parties are unable to come to an agreement on the terms of the protective order, Defendant shall notify the court on or before January 31, 2018, and the court will enter a protective order of its own.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CRIM. P. 58(g)(2); 59(a).  Failure to file timely objections will result in the waiver of the

right to appeal questions of fact. FED. R. CRIM. P. 59(a). Objections must be timely and specific in order to require review by the district court.

DATED this 8th day of January, 2018.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge