UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JIMMY HOBBS,<br><br>                Plaintiff,<br><br>  vs.<br><br>EMPLOYERS MUTUAL CASUALTY COMPANY,<br><br>                Defendant. | CIV. 17-5040-JLV<br><br>PROTECTIVE ORDER |

The parties jointly move the court to adopt their proposed protective order. (Docket 30). Pursuant to Fed. R. Civ. P. 26(c) and good cause appearing, it is

ORDERED that the court adopts and incorporates the parties' proposed protective order which follows this order.

IT IS FURTHER ORDERED that the following provisions shall apply:

(1) Counsel cannot file sealed documents in CM/ECF. If it is necessary to attach a protected document to a pleading, counsel shall file an attachment to the pleading with a notation that the protected document is being delivered to the Clerk of Court to be filed under seal pursuant to the terms of this order. Counsel must manually serve the protected document on opposing counsel.

(2) When the protected document is received by the Clerk of Court, it will be scanned and added to CM/ECF as a sealed attachment. The original will be destroyed after scanning unless counsel delivers the protected document to the Clerk of Court with a written request to return the document to counsel.

IT IS FURTHER ORDERED that, to the extent the above provisions conflict with the stipulation regarding protective order and production of documents, the above provisions govern.

Dated February 9, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JIMMY HOBBS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>EMPLOYERS MUTUAL CASUALTY COMPANY,<br><br>　　　　Defendant. | CIV. 17-5040-JLV<br><br><br>PROTECTIVE ORDER |

　　　　WHEREAS Jimmy Hobbs (Hobbs ) and Employers Mutual Casualty Company (EMC) have litigation pending;

　　　　WHEREAS, as a result of the pending litigation, the parties will be exchanging documentation; and

　　　　WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances, and good cause having been shown, it is ORDERED as follows:

1.　　　　CONFIDENTIALITY AGREEMENT. As part of the litigation procedure, Hobbs will be given the right to review business documentation and files of EMC. Communication of such confidential/trade secret information to third parties could cause damage to the business of EMC. The parties therefore will take reasonable steps to insure that such information regarding the examination of these documents will remain confidential and not be disclosed or revealed to outside sources. Confidential information or trade secret includes:

　　　　a. The personnel files for each employee, manager, supervisor, or other agent of EMC who was involved with Jimmy Hobbs' claim;

1

b. All human resources manuals, salary administration manuals, personnel bulletins or manuals, orientation booklets, directives, memos, or other documents in use since 2004 to inform claims personnel of the manner in which they can expect salary adjustments;

c. All documents relating to performance goals and how they relate to manager's bonuses, for the past ten years, if any;

d. All documents that relate to incentives given to claims personnel in return for reducing the amount of claims payments, reducing combined ratio, reducing claim severity, and reducing claims payments, if any;

e. All documents that relate to incentives given to claims personnel in return for overall reductions in office, department, branch, or company loss ratios, claim severity, average claim payments, or reduction in claim payments of any kind, if any;

f. All claims manuals used in the handling of claims at EMC;

g. All manuals, policies, procedures, training materials, or guidelines that relate to any computer system used in EMC's claims operation;

h. All documents relating to efforts or goals to decrease loss ratios, or decrease claim severity costs over the past ten years, if any;

i. All nonpublic contracts that include a confidentiality clause between EMC and the other party to the contract; and

2.      This Protective Order governs the treatment of all confidential or trade secret information as set forth above in paragraph 1 that may be contained in documents, depositions, and deposition exhibits, interrogatory answers, responses to requests for admissions and other written, recorded, computerized, electronic or graphic matter, copies, excerpts, or summary of

documents (Discovery Material) produced by any party or nonparty (Producing Party) in the above-captioned matter (Action).

3. Any Producing Party may designate as confidential or trade secret any discovery material that includes the Discovery Material identified in paragraph 2 above. All Discovery Material so designated will be referred to in this Protective Order as "confidential material" or "trade secret." These designations will apply regardless of the form in which the confidential/trade secret material is kept or maintained, and extends to any documents, including exhibits, copies, notes, abstracts, summaries, or analyses, to the extent that such documents reflect confidential/trade secret material. But nothing will be regarded as confidential/trade secret material if it is in the public domain at the time of disclosure as evidenced by a written document or becomes part of the public domain through no fault of the other party, as evidenced by a written document. Furthermore, nothing will be regarded as confidential/trade secret material if the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure provided such third party has the right to make the disclosure to the receiving party. All confidential/trade secret material will be handled in strict accordance with the terms of this Protective Order.

4. All confidential/trade secret material in the form of physical objects or documents will be designated by stamping or affixing on the face of the document and on each page or portion thereof: "CONFIDENTIAL" or "TRADE SECRET." The designation will subject material or a document, its contents, or any portion thereof, to this Protective Order without any further act on the part of the Producing Party.

5. Confidential/trade secret material that is designated "CONFIDENTIAL" or "TRADE SECRET" may be disclosed or made available without written consent from the Producing Party only to the following persons:

a. The parties to this litigation, including named plaintiff and defendants, *provided that* any such person(s) execute an undertaking to be bound by this Protective Order in the form attached hereto as Exhibit 1 (the "Undertaking") prior to any disclosure to such person(s), and that a copy of such signed Undertaking is retained by counsel for the party making disclosure to such person(s);

b. Counsel for the respective parties to this litigation, including attorneys, paraprofessionals, and employees of such law firms;

c. Experts or consultants retained to assist counsel for the parties described in subparagraph 5a, *provided that* such experts or consultants execute the Undertaking prior to disclosure and a copy of such signed Undertaking is retained by counsel for the party making such disclosure to such experts(s) or consultant(s);

d. Authors or recipients of the confidential/trade secret material;

e. Employees, officers, and directors of each party to the extent that such person(s) are assisting in the prosecution or defense of the Action, *provided that* such person(s) execute the Undertaking prior to disclosure and a copy of such signed Undertaking is retained by counsel for the party making such disclosures so that it may be shown to counsel for the Producing Party if a request therefor is made;

f. Nonparty witnesses likely to testify in this Action and their counsel, if separate from counsel to the parties, upon ten days' written notice to counsel for the Producing Party *provided that* any such person and any such counsel execute the Undertaking prior to disclosure and a

copy or such signed Undertaking is retained by counsel for the party making disclosure so that it may be shown to counsel for the Producing Party if a request therefor is made;

  g. Any witness deposed in this Action, who will be provided prior to or at the outset of his, hers, or its deposition or trial testimony with a copy of this Protective Order on the record at the deposition. In such instance, the witness will be bound by the provisions of this Protective Order and will be informed that he, she, or it (and such person's counsel, if any), is bound by the terms of this Protective Order by virtue of this order or the court;

  h. Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony;

  i. The court, court personnel, and any other person designated by the court in this Action in the interest of justice, upon such terms as the court may deem proper; and

  j. Any employee or representative of the Producing Party.

6. Confidential/trade secret material will be used only for the prosecution and/or defense of this Action, and may be disclosed only under the circumstances and to the persons specifically provided for in this or subsequent court orders, or with the prior written consent of the Producing Party.

7. Any party or person in possession of confidential/trade secret material who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, board or associations) who is not a party to this Protective Order, which subpoena seeks production or other disclosure of such confidential/trade secret material, will promptly give written notice to the counsel for the party who produced or designated the materials as confidential or trade secret identifying the materials sought and enclosing a copy of the subpoena or other process. The Producing Party may move

against the subpoena or other process, or otherwise oppose entry of any order by a court of competent jurisdiction compelling production of the confidential/trade secret material. If the Producing Party objects to or moves against the subpoena or other process, the person or party receiving the subpoena or other process will not produce confidential/trade secret material before the actual due date for compliance and will not object to or interfere with any effort by the Producing Party to seek a prompt judicial determination on the Producing Party's motion or objection before compliance is required.

8. The inadvertent failure to stamp a document, or a portion thereof, with the proper "confidential" or "trade secret" designation in no way alters or waives the protected and confidential nature of the document otherwise deserving of such a designation and does not remove it from the scope of this Protective Order, provided the Producing Party gives such notice in writing within thirty days after becoming aware that the confidential/trade secret information was not properly designated. Such written notice will identify with specificity the information or documents the Producing Party is then designating to be confidential/trade secret information and will promptly provide a replacement copy of such material with the appropriate "confidential or "trade secret" designation thereupon. Treatment of inadvertently produced confidential/trade secret material in a manner inconsistent with this Protective Order prior to notice of such inadvertent production is not a breach of this Protective Order.

9. The Producing Party may, on the record of a deposition, or within thirty business days after receipt of the transcript(s) of such deposition, designate in good faith any portion or portions of the deposition as confidential/trade secret material under the terms of this Protective Order. Until the above-referenced 30-day period expires, the entire deposition will be treated as confidential/trade secret material unless otherwise specified in writing or on the record of the

deposition by the Producing Party. All copies of deposition transcripts that contain information or material designated as confidential/trade secret material will be prominently marked "confidential" or "trade secret" on the cover thereof and on each page that contains confidential/trade secret material and, if filed with the court, the portions of such transcripts so designated will be filed in accordance with the provisions of paragraph 10 *(infra)*.

10.     Unless otherwise provided by applicable court rules, all documents and materials filed with the court containing or reflecting the contents of confidential discovery information will be filed under seal and marked with words in substantially the following form:

> By order dated [ ], the enclosed [name of document], or a portion thereof, has been filed under seal and may not be examined without further court order.

No party or other person may have access to any sealed document from the files of the court except the presiding judge, law clerks, and other court personnel, without further order of the court. Any party filing documents and material with the court containing or reflecting the contents of confidential/trade secret information will also provide to the clerk of court a version of the filing with the confidential discovery information redacted or, as to exhibits to a memorandum or brief, withdrawn.

11.     Confidential/trade secret material may be offered into evidence at trial or at any court hearing in open court provided that the Producing Party is notified in advance of any such intended use of confidential/trade secret material. The Producing Party may apply for an order that evidence be received in camera or under less public circumstances to prevent unnecessary disclosure. The issuance of such an order is subject to the court's discretion.

12.     Nothing in this Protective Order will be interpreted to prohibit or prevent the Producing Party from using or discussing its own confidential/trade secret material in any way it sees fit to

so use or discuss the material for any reason. Any such use or discussion of confidential/trade secret material will not be deemed a waiver of the terms of this Protective Order, unless the Producing Party utilizes the information in open court or in a pleading that is not filed under seal.

13. This Protective Order will not enlarge or affect the scope of permissible discovery in this Action, nor will it affect the admissibility of any item or document produced as a part of discovery as evidence herein.

14. The following procedures will apply to any disputes arising from the designation of Discovery Materials as confidential/trade secret pursuant to this Protective Order:

> a. If a party in good faith disagrees with the Producing Party's confidential or trade secret designation, that party will inform counsel for the Producing Party in writing of that disagreement no later than fourteen days after the designation;
>
> b. Upon written notification that a party disagrees with a confidential or trade secret designation, counsel for the objecting party and the Producing Party will confer in a good faith effort to resolve the dispute without court intervention;
>
> c. If the dispute is not resolved within fourteen days of the Producing Party's receipt of the objecting party's written notification, the objecting party may invoke the court rules and procedures for raising discovery disputes. Unless otherwise provided by applicable law, the Producing Party will bear the burden of providing that information has properly been designated as confidential or trade secret material; and
>
> d. Until such time as any judicial process has been initiated and resolved, all parties receiving confidential or trade secret material will

abide by the designation.

15. Each document, material, or other thing, or portion thereof designated as confidential or trade secret will retain that designation and will remain subject to the terms of this Protective Order until such time as the parties agree to the contrary or the court renders a decision that a particular document, material, or other thing, or portion thereof is not subject to this Protective Order, and any and all proceedings or interlocutory appeals challenging such decision have been concluded.

16. Except as otherwise agreed in writing by the parties, within forty-five days after final resolution of this Action (including resolution of appeals or petition for review), all confidential and trade secret material supplied by a Producing Party and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) will, at the possessing party's choice be returned to the Producing Party, or the party's counsel will certify to the Producing Party that all such materials in their possession, custody, or control have been destroyed. Any Producing Party may move the court to make this Protective Order survive the final termination of this Action with respect to any such confidential/trade secret material.

17. Nothing in this Protective Order will be construed as prejudicing any Producing Party's right to seek an agreement or court order providing additional confidentiality or other protections to any confidential or trade secret material produced in this Action. Until such agreement or order is obtained, however, this Protective Order will constitute the entire agreement of the parties with respect to the matters covered herein.

18. Any party may apply to this court, upon written notice, in accordance with the rules of this court, for an order amending, modifying, or vacating all provisions of this Protective Order.

Dated January___, 2018.

BY THE COURT:

_____
JEFFREY L. VIKEN
CHIEF JUDGE

10