UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JIMMY HOBBS,<br><br>               Plaintiff,<br><br>vs.<br><br>EMPLOYERS MUTUAL CASUALTY COMPANY,<br><br>               Defendant. | 5:17-CV-05040-JLV<br><br>ORDER ON PLAINTIFF'S MOTION TO STRIKE (DOC. 11) |

Pending is Plaintiff Jimmy Hobbs' Motion to Strike a Portion of Defendant's Answer (Doc. 11). United States District Court Judge Jeffrey L. Viken, Chief Judge, referred Defendant's Motion to this magistrate judge for determination. (Doc. 24).

**BACKGROUND**

This is a diversity action alleging bad faith insurance practices on the part of Defendant Employers Mutual Casualty Company. The action stems from Defendant's alleged bad-faith denial of Plaintiff Jimmy Hobbs' worker's compensation claim.

Plaintiff moves to strike Paragraphs 8, 10, 11, 13–20, 36, 37, 39, 40, 42, 43, 45–48, 52, 53, 55, and 59–61 of Defendant's Answer (Doc. 8). Paragraphs 10, 20, 36, 37, 48, 52, and 55 contain language admitting in part and denying in part Plaintiff's allegations. The remaining disputed paragraphs contain the language "[the document at issue] speaks for itself." Paragraphs 16, 17, and

1

19 indicate that Defendant is without information sufficient to form a belief, but the documents would speak for themselves.

Plaintiff argues that Federal Rule of Civil Procedure 8(b) requires Defendant to deny, admit, or indicate that insufficient information exists to either admit or deny, and the disputed paragraphs fail to meet this standard. (Doc. 11). Plaintiff further claims that the response "[the document] speaks for itself" fails to comply with Rule 8(b) because Plaintiff cannot determine the extent of Defendant's purported denials. Defendant responds that its answers meet Rule 8(b)'s standard.

## **DISCUSSION**

Federal Rule of Civil Procedure 8(b) provides the standard for admitting or denying allegations in a pleading. A party must state its defenses in short and plain terms, and "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Rule 8(b)(2) merely requires that denials fairly meet the substance of the allegations they purport to deny. The Rule further delineates the manner in which a party may admit or deny allegations: a party may generally deny all allegations; generally deny all those except those specifically admitted; specifically deny designated allegations; or admit in part and deny in part any specific allegation. Fed. R. Civ. P. 8(b)(3)–(4). "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(5).

Courts do not construe Rule 8(b) strictly, nor require highly precise denials. See Fed. Prac. & Proc. Civ. § 1261 (3d Ed.). Rule 8 requires no technical form; "nomenclature and formal matters should not be determinative and the intention of the pleader should be given effect so that a resolution of the merits can be achieved." Fed. Prac. & Proc. Civ. § 1266; see Fed. R. Civ. P. 8(d). This liberal standard fits with Rule 1's mandate that the rules be "construed to secure the just, speedy, and inexpensive determination of every action," and the directive in Rule 8(e) that the "[p]leadings must be construed as to do justice." When the pleader's intent is clear, courts disfavor corrective motions addressed to somewhat ambiguous denials because they simply create unnecessary delay and expense. See Fed. Prac. & Proc. Civ. § 1267. "Rule 8(b) in conjunction with Rule [8(d)] require that the answer be framed in short and plain terms . . . Although it usually is not productive to try and police the pleadings by motion, a gross violation of this standard would justify a motion under Rule 12(f), which could result in an order to strike the pleading or part of it." Id. § 1261.

Under Rule 12(f), a court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The court has discretion to strike portions of a pleading, but doing so "is an extreme and disfavored measure." BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 907 (8th Cir. 2007) (internal quotations omitted); see Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977) (stating that motions to strike are "infrequently

granted").[1] In ruling on a motion to strike, the court must construe the pleadings in the light most favorable to the nonmoving party; even where allegations are redundant or immaterial, they should be stricken only if prejudicial to the moving party. Brown v. Davis, No. 12-CV-00649, 2012 WL 3578730, at *2 (E.D. Mo. Aug. 20, 2012) (internal quotations omitted).

Plaintiff argues that Paragraphs 10, 20, 36, 37, 48, 52, and 55 of Defendant's Answer are "equivocal and non-responsive and fail to comply with pleading requirements of Rule 8(b)." (Doc. 12 at p. 15). An example of the disputed language reads as follows: "With regard to the allegations in paragraph 10 of plaintiff's Complaint, defendant admits it had information about activities plaintiff claimed he completed. That information, without more, is inconclusive of any claim. Defendant denies the allegations of paragraph 10 of plaintiff's Complaint and remits plaintiff to his strict proof." (Doc. 12 at p. 2).

Plaintiff claims that Defendant's responses in Paragraphs 10, 20, 36, 37, 48, 52, and 55 are equivocal. To the contrary, the court finds that the disputed responses adequately identify which part of the allegations Defendant admits and denies, and comply with the Rules' simple requirements. Under Rule 8(b), "[a] party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4). "The

---

[1] While not binding, this court finds instructive the Second Circuit's rationale behind disfavoring motions to strike. In Lipsky v. Commw. United Corp., 551 F.2d 887, 893 (2nd Cir. 1976), the court stated "The Federal Rules of Civil Procedure have long departed from the era when lawyers were bedeviled by intricate pleading rules and when lawsuits were won or lost on the pleadings alone. Thus the courts should not tamper with the pleadings unless there is a strong reason for so doing."

particular language or form of the specific denial is not important as long as it is clear which allegations are being negated and which are not." Fed. Prac. & Proc. Civ. § 1266.  Plaintiff cites no authority in support of his position; a mere assertion that the paragraphs are "equivocal," without more, does not show prejudice.  The court finds that the disputed paragraphs meet Rule 8(b)(4)'s standard.  Accordingly, the court denies Plaintiff's motion to strike as to Paragraphs 10, 20, 36, 37, 48, 52, and 55.

Plaintiff next argues that Rule 8(b) prohibits answers claiming the documents speak for themselves, and moves to strike Paragraphs 8, 11, 13–19, 39, 40, 42, 43, 45–47, 53, and 59–61 of the Answer.  In support of his motion, Plaintiff relies on caselaw from the Northern District of Indiana, the Northern District of Georgia, the Middle District of Pennsylvania, and the Northern District of Illinois.[2]  The courts in each of Plaintiff's cited cases found that similar "speaks for itself" language violated Rule 8(b)'s pleading requirements.  However, Plaintiff fails to identify a single Eighth Circuit case in support of his position.

Other federal district courts have arrived at a conclusion opposite to that urged by Plaintiff.  Within the Eighth Circuit, the Western District of Missouri has declined to strike responses stating "the document speaks for itself." Thornburg v. Open Dealer Exch., LLC, No. 17-CV-6056, 2018 WL 340050

---

[2] Plaintiff cites to Valley Forge Ins. Co. v. Hartford Iron & Metal Inc., No. 1:14-CV-00006, 2015 WL 5730662 (N.D. Ind. Sept. 30, 2015); Sinclair Cattle Co. v. Ward, No. 1:14-CV-1144, 2015 WL 6125260 (M.D.Pa. Oct. 16, 2015); FDIC v. Stovall, No. 2:14-CV-00029, 2014 WL 8251465 (N.D.Ga. Oct. 2, 2014); and State Farm Mut. Auto Ins. Co. v. Riley, 199 F.R.D. 276 (N.D. Ill. 2001).

5

(W.D. Mo. Jan. 9, 2018); Eternal Invs., LLC v. City of Lee's Summit, No. 05-CV-5021, 2006 WL 573919 (W.D. Mo. Mar. 8, 2006). In Thornburg, the defendant answered certain allegations by stating, "In response to the [specific allegation], Defendant states that the document speaks for itself and therefore no response is required[.]" Thornburg, 2018 WL 340050, at *2. The plaintiff filed a motion to strike, arguing that the responses were legally insufficient. The district court denied the motion, finding that the defendant's "speaks for itself" responses were "terms of art that do not prevent Plaintiff from understanding or comprehending Defendant's answer." Id. at *3. The court further stated that "Defendant cannot alter the substance or contents of the [document] at issue, but Defendant does dispute the underlying claims. A 'speaks for itself' response allows Defendant to defend itself while not making a binding admission that Plaintiff may use against it later." Id.

Under different circumstances, the Eastern District of Missouri granted a motion to strike where the defendant's answer contained multiple vague and evasive responses. Certain Underwriters v. SSDD, LLC, No. 4:13-CV-193, 2013 WL 6801832 (E.D. Mo. Dec. 23, 2013). There, the defendant possessed the documents in question; the stricken responses nevertheless claimed "insufficient knowledge" to admit or deny, and included a statement that "the [document] speaks for itself." Id. at *5. The court found that the answer did not "fairly respond to the substance of the allegations;" moreover, claiming that the document "speaks for itself" added nothing to the answer. Id. (quoting Fed. R. Civ. P. 8(b)(2)).

6

The court finds the analysis in Thornburg convincing as applied to the facts here. In each disputed response, Defendant states that the document at issue "speaks for itself," and "Defendant denies the allegations of [the paragraph] to the extent they are inconsistent with the same." See generally Doc. 8. Defendant disputes the underlying claims, but cannot alter the substance of the documents in question; its responses allow a defense without making binding admissions that Plaintiff may later use. See Thornburg, 2018 WL 340050, at *3. Additionally, Paragraphs 16, 17, and 19 comply with Rule 8(b)(5). Unlike Certain Underwriters, Plaintiff presents no evidence that Defendant possesses the conversations or correspondence at issue in those allegations. See Certain Underwriters, 2013 WL 6801832 at *5.

As to prejudice, Plaintiff claims Defendant's Answer will prevent the jury from rendering a just verdict, because it is impossible to tell what Defendant admits and denies. (Doc. 12 at p. 16). Plaintiff also seems to argue that Defendant's Answer will require broader discovery, resulting in unnecessary expense and delay. (Id. at p. 15). The court finds that Defendant's answers do not run afoul Rule 8(b)(2) in a manner which results in such prejudice. Defendant denies Plaintiff's allegations to the extent they conflict with the underlying documents, which include medical reports, correspondence, and hearing records. In each answer, Defendant specifically identifies the document at issue. Plaintiff ostensibly has those documents in his possession, and can both compare the allegations in the Complaint with the actual substance of the documents, and prove their contents in litigation or trial. In

7

fact, Plaintiff block-quotes portions of the medical record in his Complaint. (Doc. 1 at p. 3–4). The court finds no indication that Defendant's Answer will inflate discovery requirements or confuse the jury.

The circumstances here are distinguishable from Certain Underwriters, where the defendant had access to the disputed documents, nevertheless vaguely stated it had "insufficient knowledge" to admit or deny, and tacked on a statement that "the document speaks for itself." Certain Underwriters, 2013 WL 6801832, at *5. Here, by contrast, Defendant admits the contents of the documents, but simply denies Plaintiff's allegations *to the extent the two conflict.* Rule 8(b) cannot reasonably be read to require Defendant—when faced with, for example, a block-quoted medical record—to (1) admit the allegations in their entirety or (2) deny the plain language of the report. The Rule also does not require Defendant to obtain the documents at issue and quote exactly which parts it admits or denies. Such an interpretation would run against Rule 8(b)(1)'s mandate that the answer be short and plain. Defendant's responses are reasonable, short, and plain, and comport with Rule 8(b)'s minimal requirements as well as caselaw from within the Eighth Circuit. Accordingly, the court denies Plaintiff's motion as to Paragraphs 8, 11, 13–19, 39, 40, 42, 43, 45–47, 53, and 59–61 of Defendant's Answer.

## **CONCLUSION**

Good cause appearing, it is hereby ORDERED that Plaintiff's Motion to Strike (Doc. 11) is denied.

**NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CRIM. P. 58(g)(2); 59(a). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. FED. R. CRIM. P. 59(a). Objections must be timely and specific in order to require review by the district court.

DATED this 8th day of March, 2018.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge